UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FRANKLIN WHITE,

    Petitioner,

v.

                                          Civil No. 2:09-CV-14389
                                          HONORABLE BERNARD A. FRIEDMAN
                                          UNITED STATES DISTRICT JUDGE

JEFF WHITE,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

      James Franklin White, ("Petitioner"), confined at the Mound Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for aggravated stalking of a minor, M.C.L.A. 750.411i(2)(b); aggravated stalking, M.C.L.A. 750.411i; and being a fourth habitual offender, M.C.L.A. 769.12. Petitioner has also filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice. The Court will also

1

administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Tuscola County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. White,* No. 274304 (Mich.Ct.App. February 26, 2008); *lv. den.* 482 Mich. 895 (2008).

On November 5, 2009, petitioner filed this application for writ of habeas corpus, in which he seeks habeas relief on the seven claims that he raised in the Michigan appellate courts on his direct appeal. [1]

Petitioner has also filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise additional claims that have not been exhausted with the state courts.

## II. Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp.

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on November 5, 2009, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

2d 798, 800 (E.D. Mich. 1999).  A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Perez-Chica v. McKee,* No. 2009 WL 275657, * 1 (E.D. Mich. February 5, 2009); *Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008); *Williams v. Trombley,* No. 2006 WL 36755, * 2 (E.D. Mich. January 4, 2006); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims.  The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as

petitioner did here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his

4

state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Tuscola County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the petitioner's exhaustion of the claims.  Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


Dated: November 24, 2009        S/Bernard A. Friedman
                                Bernard A. Friedman
                                United States District Judge

Case No. 09-cv-14389

I hereby certify that a copy of the foregoing document was served upon James White and counsel of record on November 24, 2009, by electronic and/or ordinary mail.

                                                                  <u>S/Carol Mullins</u>
                                                                  Case Manager